IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRON R. PERKINS, Inmate #328367,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL NO. 05-754-MJR |
| ) | |
| **ST. CLAIR COUNTY JAIL** and ) | |
| **WEXFORD HEALTH SOURCES,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full.

The Court will first perform a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2); this action is subject to summary dismissal for failure to state a claim.

**FACTUAL ALLEGATIONS**

Plaintiff, a disabled Vietnam veteran who suffers from post traumatic stress disorder, states that upon his arrival in the St. Clair County Jail he was seen by a psychiatrist who prescribed him Prozac and Trazodone. These medications were very helpful in reducing Plaintiff's combat-related nightmares. Approximately two months prior to the filing of the complaint, Nurse Jill (not a defendant) came to Plaintiff's cell on the nighttime medication rounds and gave him a Trazodone pill of a different shape and size than the one he normally received. When she realized her mistake, Nurse Jill asked for the tablet back, but Plaintiff had already swallowed it. Nurse Jill accused Plaintiff of giving the pill to another detainee. Plaintiff states that from that day on, for two months total, he did not receive either of his prescribed medications. He filed grievances but they were ignored. As a result of the denial of the medication, Plaintiff suffered flashbacks, violent combat-induced nightmares, and a "marked deterioration" of his overall mental health. Plaintiff states that he was further harmed because he needed to be mentally sharp during his upcoming criminal trial.

## LEGAL STANDARDS

Plaintiff may have stated a claim of deliberate indifference to his serious medical needs based upon these facts. The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

However, Plaintiff has failed to state a claim here because he has not named any defendants personally responsible for denying him medical treatment. To state a claim against a municipality

under section 1983, a plaintiff must allege that the alleged constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Plaintiff here has made no allegations that it was a custom or practice of St. Clair County Jail to deprive mentally ill detainees of their medication. Accordingly, Plaintiff has failed to state a claim against the St. Clair County Jail.

The same goes for Wexford Health Sources. The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff has not alleged that it was any policy or practice of Wexford Health to deny medication to mentally ill inmates or to otherwise deny them healthcare.

Because Plaintiff has not named any defendants personally responsible for violating his constitutional rights, he has not stated a claim.

In summary, Plaintiff's complaint does not survive review under § 1915(e)(2). Accordingly, this action is **DISMISSED.** This dismissal is without prejudice and with leave to amend to name defendants personally responsible for denying Plaintiff's constitutional rights.

**IT IS SO ORDERED.**

**DATED this 27th day of October, 2006.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**