# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRON R. PERKINS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) |
| **ST. CLAIR COUNTY JAIL, WEXFORD HEALTH SOURCES, NURSE JILL, JENNIFER LITTLE, DEBBIE GROUNDSKI, NURSE BARBARA RODRIGUEZ, MEARL JUSTUS, T.J. COLLINS, and LIEUTENANT SANDERS,** | ) ) ) ) ) ) **CIVIL NO. 05-754-MJR** |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in full. The Court will first perform a preliminary review of the amended complaint (Doc. 5) pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended

complaint and any supporting exhibits, the Court finds that none of the claims in the amended complaint may be dismissed at this point in the litigation.

**FACTUAL ALLEGATIONS**

Plaintiff, a disabled Vietnam veteran who suffers from post traumatic stress disorder, states that on December 19, 2004, while he was incarcerated in the East St. Louis City Jail, his wife brought his medications for post traumatic stress disorder to the jail for Plaintiff to take as needed. On December 21, 2004, Plaintiff was transferred to the St. Clair County Jail.

Upon his arrival in the St. Clair County Jail he was seen by Dr. Reddy, a psychiatrist, who prescribed him Prozac and Trazodone. These medications are very helpful in reducing Plaintiff's combat-related nightmares. He received these medications regularly at the St. Clair County Jail until July 2005.

On an unspecified date in July 2005, Defendant Nurse Jill came to Plaintiff's cell on the nighttime medication rounds and gave him a Trazodone pill of a different shape and size than the one he normally received. When she realized her mistake, Nurse Jill asked for the tablet back, but Plaintiff had already swallowed it. Nurse Jill accused Plaintiff of giving the pill to another detainee. Plaintiff states that from that day on, for six months total, he did not receive either of his prescribed medications. He never received a disciplinary report regarding the incident, nor any explanation as to why the medication was stopped. Nurse Jill resigned two weeks after the incident.

During the period he was denied his medication, he asked Defendant Barbara Rodriquez and other unspecified nurses over twenty times about the discontinuation. He filed more than fifteen sick call requests asking for the medication or to speak with Dr. Reddy, because he could not sleep. When he did manage to sleep he suffered from frequent nightmares, some of which caused him to

fall out of his bunk, injuring his shoulder and his knee, but still he was not seen by medical staff about the medications or the falls.

Plaintiff also filed formal grievances with jail staff. He specifically asked Defendant Sanders why he had been denied medication and told him that he was suffering from violent nightmares. Defendant Sanders did not provide the medications, but told Plaintiff to keep filing grievances. Plaintiff wrote notarized letters to both Sheriff Mearl Justus, and Jail Superintendent T.J. Collins asking that the medications be reinstated, that he receive a hearing to determine why the medications were discontinued, and to see the psychiatrist due to his suffering. Defendants Justus and Collins did not respond to the letters.

As a result of the denial of the medications, Plaintiff suffered frequent violent combat-induced nightmares, sleep deprivation, physical injuries to his left shoulder and left knee from falling out of his bunk during nightmares, and deterioration in his overall health, thus hindering his ability to adequately assist with his upcoming criminal trial.

In December 2005, was allowed to see a psychologist, Mr. McCain, who told Plaintiff he did not understand why Plaintiff had not been allowed his medications or to see the psychiatrist. Later in December, Plaintiff was finally allowed to see the psychiatrist. The psychiatrist told Plaintiff that he did not authorize the discontinuation, and he immediately represcribed the medications.

## LEGAL STANDARDS

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999). This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th

> Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

It is well-settled that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). *See also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175 (9th Cir. 2002); *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (a doctor's decisions to remove patient from medication and to restore the medication without Lithium constitutes deliberate indifference to patient's psychiatric condition).

Based on these legal standards and Plaintiff's factual allegations, Plaintiff has sufficiently stated a claim of deliberate indifference to his serious medical needs. The Court will now go on to address to which defendants these allegations apply.

### **DEFENDANTS**

Plaintiff states that Defendants Nurse Jill, Head Nurse Jennifer Little, Case Manager Debbie Groundski, and Nurse Barbara Rodriguez were all involved in denying his requests for his prescribed medications, and that each individually denied the medications even after he informed them that he was having insomnia and nightmares as a result. These are sufficient allegations to state claims of deliberate indifference against Defendants Jill, Little, Groundski, and Rodriguez.

Plaintiff also states that Wexford Health Sources, the corporate provider of medical services in the St. Clair County Jail, is liable for violation of his Eighth Amendment rights. The Seventh Circuit has held that a corporate entity violates an inmate's constitutional rights, in this case deliberate indifference to Plaintiff's serious medical needs, only when it has a policy or practice that creates conditions that infringe upon an inmate's constitutional rights. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff states that Wexford did in fact have such a practice. He argues that Wexford hired poorly-trained nurses who were improperly supervised, thereby causing the denial of medication. Plaintiff has sufficiently stated a claim against Wexford Health Sources.

Plaintiff also states that Defendants Justus, Collins, and Sanders were personally responsible for denying him adequate medical care in violation of the Eighth Amendment because his grievances and formal complaints alerted them to the inadequate health care Plaintiff was receiving, but they did nothing about it.

> The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez*, 251 F.3d at 651 (quotation omitted); *see also Wolf-Lillie*, 699 F.2d at 869 ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated

   directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

*Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Based on these legal standards, Plaintiff has sufficiently stated a claim against Defendants Justus, Collins, and Sanders.

  Finally, Plaintiff includes the St. Clair County as a Defendant in the caption of the complaint. The doctrine of *respondeat superior* has no applicability in § 1983 cases, and it is well settled that in order to obtain section 1983 relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 691 (1978). Plaintiff states that St. Clair County "maintained policies or failed to correct policies that allowed Nurse Jill to discontinue the Plaintiffs medication without affording him a due-process hearing to address reason for discontinuing . . . the medication." Although Plaintiff's allegation here of a policy or custom that deprived him of his rights is vague, it is sufficient to state a claim against St. Clair County at this point in the litigation.

## DISPOSITION

Plaintiff may proceed against all defendants on his claim of deliberate indifference to his serious medical needs while in the St. Clair County Jail. This is an unusual case in which Plaintiff has succeeded in obtaining signed waivers of service from Defendants Little, Groundski, Rodriguez, and a manager at Wexford Health Services. Accordingly,

  **IT IS HEREBY ORDERED** that Plaintiff shall complete and submit USM-285 forms for ***Defendants St. Clair County, Wexford Health Sources, Nurse Jill, Mearl Justus, T.J. Collins, and***

*Lieutenant Sanders* within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **6** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants St. Clair County, Wexford Health Sources, Nurse Jill, Mearl Justus, T.J. Collins, and Lieutenant Sanders* .  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants St. Clair County, Wexford Health Sources, Nurse Jill, Mearl Justus, T.J. Collins, and Lieutenant Sanders* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the

Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 6th day of July, 2007.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**