# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON R. PERKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ST. CLAIR COUNTY JAIL, et al., ) <br> ) <br> Defendants. ) | Case No. 05-CV-0754-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Factual/Procedural Background

On September 4, 2007, Perkins filed a motion to appoint counsel (Doc. 19) and a motion to stay discovery until counsel could be appointed (Doc. 20). Magistrate Judge Clifford Proud denied the motion on January 4, 2008 (Doc. 30) stating that Perkins had not demonstrated that he had made reasonable attempts to obtain counsel and that the facts in issues in the case are not so complex that he could not proceed pro se. On the same date, Judge Proud denied the motion to stay discovery as moot, because the Court had denied the motion to appoint counsel (Doc. 31). However, the Court did grant Perkins an extension of time to respond to Defendants' discovery requests.

On January 11, 2008, Perkins filed an objection to Judge Proud's Orders denying the appointment of counsel and denying the motion to stay discovery (Doc. 34). The Court construes these objections to be an appeal of Magistrate Judge Proud's rulings (Docs. 30 & 31).

Having fully reviewed Perkins' appeal, the Court **AFFIRMS** the Magistrate Judge's rulings (Docs. 30 & 31).

## B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

The Court finds that Magistrate Judge Proud's rulings were not clearly erroneous or contrary to law. Pro se litigants have no constitutional or statutory right to be represented by Court appointed counsel, and the Court has no obligation to appoint counsel. *Jackson v. County of McLean*, **953 F.2d 1070, 1072 (7th Cir. 1992) (quoting McNeil v. Lowney, 831 F.2d 1368 (7th Cir. 1987))**. Nonetheless, **28 U.S.C. § 1915(e)(1)** permits the Court, in its discretion, to appoint counsel where the litigant cannot afford to hire counsel. The Court will appoint counsel in a few select cases where having an attorney seems particularly appropriate or important.

Where the litigant cannot afford counsel, the Seventh Circuit has indicated that the Court should make a threshold inquiry into whether the movant has made unsuccessful attempts to obtain counsel. *Pruitt v. Mote*, **503 F.3d 647, 654 (7th Cir. 2007)**. Where the Court is satisfied that the movant either made reasonable attempts to obtain counsel, or that circumstances precluded him from doing so, the Court should ask, "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* **at 654.** The Seventh Circuit has noted that these "inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* **at 655.**

In determining the level of difficulty involved in the case, the Court should consider

whether the factual and legal difficulty of the case "exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* In determining the plaintiff's competency, the Court may consider any relevant evidence available, including (but not limited to) the plaintiff's literacy, educational level, communication skills, prior litigation experience, psychological history, and intellectual capacity. *Id.* The Court may inform its decision by considering the pleadings, communications from, and any contact with the plaintiff. *Id.* As the Seventh Circuit has explained,

> The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.

*Id.*

First, Perkins argues that contrary to Magistrate Judge Proud's ruling, he is indigent and has made many attempts to find an attorney to represent him in this case. However, Perkins states that these attorneys have either ignored his letters or have declined to represent him. Perkins has submitted a variety of exhibits and affidavits in order to bolster these claims. The Court takes Perkins on his word that he is indigent, has made reasonable attempts to obtain counsel, and has been unsuccesful in doing so.

Therefore, the primary question before this Court is whether Perkins appears competent to litigate his claim pro se, given the difficulty of the case. The Court finds that Perkins does appear competent to do so. First, the factual and legal difficulty of this case is minimal. The issue in this case is whether the St. Clair County Jail and its employees were deliberately indifferent to Perkins' serious medical needs when they allegedly denied him prescription drugs that he needed to treat post-traumatic stress disorder. As Magistrate Judge Proud noted, no complicated medical

issues appear to be involved.

Furthermore, there is no indication that Perkins lacks the competency to adequately present the facts and issues of this case. Perkins claims that he has no legal knowledge or skill, that the law library in the prison is inadequate, and that in order to proceed with his case he has had to obtain help from other inmates. However, Perkins' bare assertions are not sufficient to convince this Court that Magistrate Judge Proud's ruling was clearly erroneous or contrary to law. The issues involved in a lawsuit may be challenging for any pro se litigant, and though Perkins may have received assistance in drafting his filings, they have been coherent and thorough. Perkins appears to be as competent than the average pro se litigant. Therefore, the Court finds that Magistrate Judge Proud's Order denying the appointment of counsel in this case was not clearly erroneous or contrary to law.

As a result, the Court also finds that Magistrate Judge Proud's Order denying the motion to stay discovery was not clearly erroneous or contrary to law. Once the Court properly denied the motion to appoint counsel, Perkins' motion to stay discovery until counsel could be appointed became moot.

### C. Conclusion

Accordingly, the Court **AFFIRMS** the Magistrate Judge's rulings (Docs. 30 & 31).

**IT IS SO ORDERED.**

**DATED this 17th day of April 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**