# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON R. PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-CV-0754-MJR |
| | ) |
| ST. CLAIR COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 4, 2007, Perkins filed a motion to appoint counsel (Doc. 19) and a motion to stay discovery until counsel could be appointed (Doc. 20). Magistrate Judge Clifford Proud denied the motion to appoint counsel on January 4, 2008 (Doc. 30) and denied the motion to stay discovery as moot (Doc. 31). On January 11, 2008, Perkins filed an objection to Magistrate Judge Proud's Orders (Doc. 34), which the undersigned District Judge construed as an appeal. On April 17, 2008, the Court affirmed Magistrate Judge Proud's rulings (Doc. 35).

On April 22, 2008, the Court received a supplemental objection and a memorandum in support from Perkins (Docs. 36 & 37). It appears that this supplement was sent prior to Perkins' receipt of the Court's April 17, 2008 Order. However, Perkins' supplemental objection essentially restates his position and factual support that he already presented in his original objection (Doc. 34).

Consequently, even construing Perkins' supplement to be a motion to alter/amend under **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**, the Court cannot grant Perkins the requested relief. Four grounds justify reconsideration under Rule 59(e): (1) an intervening change in the law, (2) new evidence not available at the time of the original ruling, (3) a clear legal error, and (4) the prevention of manifest injustice. *See* **Baicker-McKee, Janssen, & Corr, FEDERAL CIVIL RULES**

**HANDBOOK**, **p. 1006 (2007)**; *see also Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, **762 F.2d 557, 561 (7th Cir. 1985) (explaining that Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").**

Motions to reconsider may not be used to relitigate issues or present arguments which could have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, **90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.");** *Bally Export Corp. v. Balicar Ltd.*, **804 F.2d 398, 404 (7th Cir. 1986) (explaining that a motion to reconsider is not an appropriate vehicle to introduce new legal theories);** *Publishers Resource v. Walker-Davis Publications*, **762 F.2d 557, 561 (7th Cir. 1985) (stating that a motion to reconsider should not serve as vehicle "to tender new legal theories for the first time").**

As stated above, in his supplement, Perkins merely recites the basis for his original objections (Doc. 34). The supplement contains no new information or argument that would permit amendment or alteration under Rule 59(e).

Accordingly, insofar as Perkins' recently filed objections (Docs. 36 & 37) may be construed as a motion to alter/amend under Rule 59(e), the Court **DENIES** that motion.

**IT IS SO ORDERED.**

**DATED this 25th day of April 2008.**

                                          **s/ Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**