# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON R. PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CV-0754-MJR |
| ) | |
| WEXFORD HEALTH SOURCES, ) | |
| NURSE JILL, JENNIFER LITTLE, ) | |
| DEBBIE GROUNDSKI, ) | |
| NURSE BARBARA RODRIGUEZ, ) | |
| MEARL JUSTUS, TJ COLLINS, ) | |
| LT. SANDERS, and ST. CLAIR ) | |
| COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Background

On October 19, 2005, Plaintiff Darron R. Perkins filed a four count civil rights action, alleging that the Defendants were deliberately indifferent to his serious medical needs by withholding his medication, which is needed to treat his post-traumatic stress disorder.[1] Currently before the Court are Perkins's appeals from Magistrate Judge Proud's most recent denials of his motions to appoint counsel and to alter the trial schedule (Docs. 92 & 96).

Before turning to Perkins's instant appeals, the Court notes that it has ruled on these issues numerous times. On September 4, 2007, Perkins filed a motion to appoint counsel (Doc. 19)

---

[1] Perkins's case was initially dismissed without prejudice by the undersigned District Judge on October 27, 2006 (Doc.4). However, the case was subsequently reopened on July 6, 2007 (Doc. 7).

and a motion to stay discovery until counsel could be appointed (Doc. 20). Magistrate Judge Clifford Proud denied the motion to appoint counsel on January 4, 2008 (Doc. 30), stating that the facts and issues in the case are not so complex that Perkins could not proceed *pro se* and Perkins had not demonstrated he had made reasonable attempts to obtain counsel. Consequently, Judge Proud also denied the motion to stay discovery as moot, but granted Perkins's motion for a time extension to respond to certain discovery requests (Doc. 31).[2]

On January 11, 2008, Perkins timely filed objections to Judge Proud's Orders denying the appointment of counsel and denying the motion to stay discovery (Doc. 34). On April 17, 2008, the undersigned District Judge affirmed the Magistrate Judge's Orders (Doc. 35). On October, 28, 2008, Magistrate Judge Clifford Proud Ordered that discovery was to conclude on January 16, 2009 (Doc. 47).

On December 19, 2008, Perkins filed yet another motion to amend the trial schedule (Doc. 49). On the same date, Perkins filed a new motion for appointment of counsel, through which he attempted to challenge the constitutionality of 42 U.S.C. § 1997e(d) (Doc. 50). Specifically, Perkins argued the statute was a violation of his entitlement to Equal Protection and Due Process. While that motion was pending, Perkins filed another motion to reopen discovery for this case (Doc. 74). Defendants opposed the motion to reopen discovery (Doc. 75) and filed timely motions for summary judgment (Docs. 67 & 71). On April 24, 2009, Magistrate Judge Proud denied Perkins's motions to amend the pretrial schedule and to reopen discovery (Doc. 74), stating that the parties

---

[2] Perkins failed to comply with the extended deadlines, however, and as a result, Defendant Mearl J. Justus filed a motion to compel production for interrogatories (Doc. 40). The Court subsequently granted another extension of time in order for Perkins to comply with this request (Doc. 44).

had already conducted a year and a half worth of discovery and that any further delay would amount to an injustice as to the Defendants (Doc. 79). Additionally, on April 27, 2009, Magistrate Judge Clifford J. Proud also denied Perkins's request for counsel, finding that "the facts and issues in this case are not so complex that plaintiff cannot adequately complete the pretrial phase without the assistance of counsel" (Doc. 80).

Perkins has timely filed appeals from the Magistrate Judge's Orders denying his motion to alter the trial schedule (Doc. 92) and denying his motion for counsel (Doc. 96). Having fully reviewed the parties' findings, the Court hereby **AFFIRMS** the Magistrate Judge's rulings (Docs. 79 & 80).

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

### 1. Appointment of Counsel

The Court finds that Magistrate Judge Proud's refusal to appoint counsel was not clearly erroneous or contrary to law. As Perkins has been informed, *pro se* litigants have no constitutional or statutory right to be represented by Court appointed counsel, and the Court has no obligation to appoint counsel for *pro se* litigants. ***Jackson v. County of McLean*, 953 F. 2d 1070, 1072 (7th Cir. 1992) (quoting *McNeil v. Lowney*, 831F.2d 1368 (7th Cir. 1987)).** However, **28 U.S.C. § 1915(e)(1)** permits the Court, in its discretion, to appoint counsel, when a litigant cannot afford to hire counsel. The Court will appoint counsel in a few select cases where an attorney seems

particularly appropriate or important.

Where the litigant cannot afford counsel, the Seventh Circuit has indicated that the Court should make a threshold inquiry into whether the movant has made unsuccessful attempts to obtain counsel. ***Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).** Where the Court is satisfied that the movant either made reasonable attempts to obtain counsel, or that circumstances precluded him from doing so, the Court should ask, "[G]iven the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* **at 654.** The Seventh Circuit has noted that these "inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* **at 655.**

In determining the level of difficulty involved in the case, the Court should consider whether the factual and legal difficulty of the case "exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* In determining the plaintiff's competency, the Court may consider any relevant evidence available, including (but not limited to) the plaintiff's literacy, education level, communication skills, prior litigation experience, psychological history, and intellectual capacity. *Id.* The Court may inform its decision by considering the pleadings, communications from, and any contact with the plaintiff. *Id.* As the Seventh Circuit has explained,

> The question is whether the plaintiff appears competent to litigate his own claims given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.

*Id.*

This is the primary issue before the Court: whether Perkins is competent to litigate

his claim *pro se* in light of the difficulty of the case. Perkins asserts that he is unfit to litigate this case because he lacks a working knowledge of the law, is limited in the amount of research and discovery he can conduct, and also suffers from post-traumatic stress disorder, which limits his ability to think clearly. Perkins also asserts that medical experts would need to be called in order to adequately explain his condition to the jury.

Despite Perkins's arguments, this Court believes him to be competent to proceed *pro se* in this case. First, the factual and legal difficulty of this case is minimal. The central issue is whether the Defendants were deliberately indifferent to Perkins's serious medical needs when they allegedly denied him prescription drugs. As Magistrate Judge Proud noted, no complicated medical issues appear to be involved in this case, and as such, the case is not difficult as to render the appointment of counsel necessary.

Additionally, there is no indication that Perkins lacks the capacity to adequately present the facts and issues of this case. Perkins may lack a working knowledge of the law and is limited to the resources that the prison can provide him. But despite his protestations that he has obtained help from fellow inmates in drafting court documents, it is clear that Perkins has demonstrated his capability in litigating this action. Indeed, his filings have been coherent and thorough, and it appears that he has effectively utilized the discovery process. Therefore, this Court finds that Magistrate Judge Proud's Order denying the appointment of counsel is neither clearly erroneous nor contrary to law.

**2. Altering the Trial Schedule**

The Court now turns to Perkins's appeal from Magistrate Proud's Order refusing to alter the discovery and trial schedule (Doc. 79). Extending the schedule in this case serves no

legitimate purpose. The parties have concluded discovery. The dispositive motions deadline has passed and summary judgment motions have been filed. Further delays create a substantial risk of injustice for the Defendants.

Furthermore, after a review of the record, the Court agrees with the Magistrate Judge in that the perceived inconsistencies, factual disagreements, and illegible handwriting in the medical records does not establish fraud; nor do these documents warrant an extension of discovery, as Perkins suggests. Moreover, the cases cited by Perkins are not on point and he fails to cite any case law to show that the Magistrate Judge's actions were clearly erroneous or contrary to law. As such, Perkins must now respond to the pending motions for summary judgment so that this case can move toward final resolution.

### C. Conclusion

For all of the reasons explained above, the Court finds that the Magistrate Judge's Orders are neither clearly erroneous nor contrary to law. Accordingly, the Court **AFFIRMS** the Magistrate Judge's rulings (Docs. 79 & 80). Perkins's appeals are hereby terminated (Docs. 92 & 96).

**IT IS SO ORDERED.**

**DATED this 25th day of June 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**